UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DRY BEAN REVENUE PROTECTION
CROP INSURANCE LITIGATION                                          MDL No. 2871


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiffs in the two actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Michigan. This litigation consists of two actions pending in the Eastern District of Michigan and the District of Minnesota, as listed on Schedule A. Responding defendants[1] support centralization in the Eastern District of Michigan.

After considering the argument of counsel, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Both of the actions share common factual questions arising out of allegations that actions by the federal defendants precluded plaintiffs from presenting recoverable claims under the Dry Bean Revenue Endorsement of their crop insurance for the year 2015. In identical complaints, plaintiffs seek review of the federal defendants' actions under the Administrative Procedure Act and, in fact, all plaintiffs' claims originally were pending in a single action in the Eastern District of Michigan. But we find proponents have failed to meet their burden of demonstrating the need for centralization. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization"). Just two actions are pending in this litigation, and the parties are represented by common counsel in each. The Panel has held that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy, Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). The parties have not addressed whether they have considered alternatives to Section 1407 centralization, and it appears feasible for the involved parties and courts to cooperate informally to coordinate any overlap in pretrial proceedings and minimize the potential for inconsistent rulings.

Additionally, the resolution of these actions will involve only very limited pretrial proceedings. Discovery, if any, will be limited, as these cases will be decided on the administrative record, and motion practice will consist of motions regarding that record and dispositive motions. While plaintiffs have sought to supplement the record, any overlap in additional discovery can be coordinated among the limited number of counsel, parties, and courts. In these circumstances, we

---

[1] The U.S. Department of Agriculture (USDA), the USDA's Risk Management Agency (RMA), and the Federal Crop Insurance Corporation (FCIC).

-2-

do not find that centralization is warranted. *See, e.g., In re: Clean Water Rule: "Definition of Waters of the United States,"* 140 F. Supp. 3d 1340 (J.P.M.L. 2015) (denying centralization of regulatory challenges that would be decided on the administrative record); *In re: Lesser Prairie-Chicken Endangered Species Act Litig.*, 109 F. Supp. 3d 1380 (J.P.M.L. 2015) (same).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: DRY BEAN REVENUE PROTECTION**
**CROP INSURANCE LITIGATION**            MDL No. 2871

## SCHEDULE A

<u>Eastern District of Michigan</u>

ACKERMAN, ET AL. v. UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL., C.A. No. 1:17-11779

<u>District of Minnesota</u>

ELBERT, ET AL. v. UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL., C.A. No. 0:18-01574